**Humberto MARISCAL–CARO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–75321, 05–76721, 06–71133.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.\*

Filed Dec. 26, 2008.

R.App. P. 34(a)(2).

Jan Joseph Bejar, San Diego, CA, for Petitioner.

John W. Blakeley, Oil, Emily Anne Radford, U.S. Department of Justice, Washington, DC CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions, Humberto Mariscal–Caro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal (No. 05–75321), denying his motion to reopen and reconsider (No. 05–76721), and reissuing its July 5, 2005 decision in amended form (No. 06–71133). Our jurisdiction is governed by 8 U.S.C. § 1252. We review legal and constitutional issues de novo. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss the petition for review in No. 05–75321, deny the petition for review in No. 05–76721, and dismiss in part and deny in part the petition for review in No. 06–71133.

 In his opening brief, Mariscal–Caro fails to address, and therefore has waived any challenge to, the BIA's denial of his motion to reopen and reconsider. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

 We lack jurisdiction to review the agency's discretionary determination that Mariscal–Caro failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Moreover, Mariscal–Caro's contention that the IJ violated his due process rights by disregarding evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. *Id.* at 930.

We also lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f). Mariscal–Caro's due process claim regarding the denial of voluntary departure is not colorable. *See Martinez–Rosas,* 424 F.3d at 930.

 Contrary to Mariscal–Caro's contention, the agency's interpretation of the hardship standard in his case falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003); *cf. Alvarez Figueroa v. Mukasey,* 543 F.3d 487 (9th Cir.2008). Mariscal–Caro's contention regarding moral character is unavailing because the agency denied cancellation of removal solely on the ground of hardship.

 Because the BIA reissued its July 5, 2005 order dismissing Mariscal–Caro's appeal, Mariscal–Caro has not demonstrated prejudice from the BIA's alleged failure properly to notify him of its decision. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 976 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

Finally, we dismiss the petition for review in No. 05–75321 as moot.

No. 05–75321: **PETITION FOR REVIEW DISMISSED.**

No. 05–76721: **PETITION FOR REVIEW DENIED.**

No. 06–71133: **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**